# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| BRENT JACOBY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 12-0197-WS-M |
| ) | |
| BALDWIN COUNTY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter comes before the Court on plaintiff Brent Jacoby's Motion to Reimburse Unlawfully Seized Monies for Filing Fee (doc. 87).

Plaintiff, an inmate in the Baldwin County Jail, is appealing this Court's dismissal of his § 1983 complaint alleging various constitutional deprivations relating to his confinement. Plaintiff has been denied leave to appeal *in forma pauperis* based on this Court's certification that the appeal is frivolous and not taken in good faith. (Doc. 79, at 2.)

On July 12, 2013, the undersigned entered an Order (doc. 82) pursuant to 28 U.S.C. § 1915 fixing plaintiff's initial partial appellate filing fee at $55.79 and directing the business manager of the institution where Jacoby is incarcerated "every month to withdraw twenty percent of the preceding month's income credited to the prisoner's inmate account and to remit that amount to the District Court Clerk each time the amount in the account exceeds $10.00 until the total filing fee of $455.00 has been paid in full." (Doc. 82, at 2.) On July 18, 2013, the undersigned entered an Order (doc. 84) denying Jacoby's Motion to Correct Partial Filing Fee, in which plaintiff objected that certain deposits in his inmate account should not have been counted for purposes of computation of the initial partial filing fee.

Now, Jacoby files yet another motion, seeking reimbursement of fees that the Baldwin County Jail has remitted in this case as well as at least two other civil actions (12-cv-0640 and 12-cv-0366) in which he owes outstanding filing fees. Jacoby's principal argument is that these funds have been "wrongfully taken" because the law caps the total payments to be taken from

him in <u>all</u> cases at 20% of his income, in the aggregate, rather than 20% of his income per case. As Jacoby puts it, "the 20 percent that is taken needs to be split up evenly to go towards his different filing fees." (Doc. 87, ¶ 6.) But nothing in this Court's Order (doc. 82) for the Baldwin County Jail to collect filing fees would contemplate or require such a result. Moreover, multiple appeals courts have persuasively held "that the language of § 1915(b)(2) is unambiguous and mandates that prisoners pay twenty percent of their monthly income for each case filed." *Atchison v. Collins*, 288 F.3d 177, 180 (5th Cir. 2002); *see also Christenson v. Big Horn County Bd. of County Com'rs*, 2010 WL 1627833, *10 (10th Cir. Apr. 15, 2010) ("we hold that § 1915(b)(2) authorizes cumulative deductions of twenty percent for each civil action or appellate filing fee incurred by a prisoner"); *Lefkowitz v. Citi-Equity Group, Inc.*, 146 F.3d 609, 612 (8th Cir. 1998) ("Because the PLRA fee petitions were designed to require prisoners to bear financial responsibility for each action they take, the twenty-percent rule should be applied per case."); *Newlin v. Helman*, 123 F.3d 429, 436 (7th Cir. 1997) ("The PLRA is designed to require the prisoner to bear some marginal cost for each legal activity. Unless payment begins soon after the event that creates the liability, this will not happen. A prisoner who files one suit remits 20 percent of income to his prison trust account; a suit and an appeal then must commit 40 percent, and so on. Five suits or appeals mean that the prisoner's entire monthly income must be turned over to the court until the fees have been paid ….").

In light of the foregoing authorities, the Court rejects Jacoby's contention that the total deduction for all of his pending filing fee obligations across multiple cases is capped at 20% of his income to his prison trust account. Having decided to pursue multiple court cases and appeals simultaneously, Jacoby must bear financial responsibility for those decisions simultaneously. The Motion to Reimburse (doc. 87) is **denied**.[1]

DONE and ORDERED this 12th day of August, 2013.

                                                      s/ WILLIAM H. STEELE
                                                      CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Jacoby also complains that the $75.28 partial filing fee remitted by the Baldwin County Jail on August 6, 2013 was excessive. (Doc. 86.) He presents no evidence that such is the case. If plaintiff feels that the institution has miscalculated the deduction in some manner, his recourse is with the jail facility in the first instance, not with this Court.