# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| BRENT JACOBY, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION 12-0197-WS-M |
| BALDWIN COUNTY, *et al.*, | ) |
| Defendants. | ) |

## ORDER

This closed civil matter comes before the Court on plaintiff's "Motion for a Substitution of Parties" (doc. 94). In the Motion, plaintiff Brent Jacoby (an Alabama inmate proceeding *pro se* in this § 1983 prisoner-civil-rights case) requests that a Major Milton be substituted as a named defendant for defendant Major Dale Byrne. Defendants filed a Suggestion of Death (doc. 93) on December 10, 2013, reflecting that defendant Byrne is deceased. Presumably, Jacoby's Motion is brought pursuant to Rule 25(a), Fed.R.Civ.P.

The procedural problem with Jacoby's Motion is that this civil action has been terminated and is presently on appeal to the Eleventh Circuit Court of Appeals. By Order and Judgment (docs. 68, 69) dated May 22, 2013, the undersigned dismissed all of plaintiff's claims (including, without limitation, his claims against defendant Byrne) with prejudice. Jacoby filed a Notice of Appeal (doc. 70), and the matter is now pending before the Eleventh Circuit. As such, any motion to substitute that Jacoby may wish to advance in this case must be filed with the Eleventh Circuit Clerk of Court, not here. *See* Rule 43(a)(1), Fed.R.App.P. ("If a party dies after a notice of appeal has been filed or while a proceeding is pending in the court of appeals," substitution is achieved "on motion filed with the circuit clerk by the representative or by any party" and "the court of appeals may then direct appropriate proceedings"). Accordingly, the Motion for a Substitution of Parties (doc. 94) is **denied**, without prejudice to Jacoby's ability to renew the motion via appropriate filing to the circuit clerk.

DONE and ORDERED this 14th day of January, 2014.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE